Christopher B. Dolan, Esq. (SBN 165358)
Jeremy M. Jessup (SBN 208758)
Matthew D. Gramly (SBN 229981)
THE DOLAN LAW FIRM
1438 Market Street
San Francisco, California 94102
Tel: (415) 421-2800
Fax: (415) 421-2830

Attorneys for Plaintiff
LAMONT ELKINS

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT ELKINS, ) | Case No. |
| ) | |
| Plaintiff ) | **COMPLAINT FOR DAMAGES** |
| ) | |
| v. ) | 1. **4th Amendment Violations – Unlawful Search & Seizure,** |
| ) | 2. **4th Amendment – Malicious Prosecution,** |
| NOVATO POLICE DEPARTMENT; ) | 3. **False Arrest,** |
| CODY FENSKE, individually; ANGEL ) | 4. **Intentional Infliction of Emotional Distress,** |
| MACIAS, individually; REZA ) | 5. **Negligent Infliction of Emotional Distress,** |
| POURFARHANI, individually; DERRICK ) | 6. **Bane Act (CA Civil Code § 52.1), and** |
| YOUNG, individually; MARIN COUNTY ) | |
| DISTRICT ATTORNEY'S OFFICE; LORI ) | |
| E. FRUGOLI, individually; LEON S. ) | **DEMAND FOR JURY TRIAL** |
| KOUSHARIAN, individually; and DOES 1 ) | |
| to 100. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

_____

Plaintiff alleges the following:

## <u>JURISDICTION</u>

1.      Counts in this action arise under 42 U.S.C. § 1983.   This Court has original

jurisdiction pursuant to 28 U.S.C. § 1343(3).   This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

## VENUE

2.      Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84 and 1391.  The events that gave rise to this complaint occurred in Marin County in the State of California, and one or more of the defendants resides in Marin County, California.

## INTRADISTRICT ASSIGNMENT

3.      The actions that gave rise to this complaint occurred in Marin County, California. Assignment of this action to the San Francisco Division of this Court is appropriate according to Local Rule 120(d).

## PARTIES

4.      Plaintiff LAMONT ELKINS is an adult and a resident of the State of California.

5.      The NOVATO Police Department is a governmental entity responsible for the actions of its Officers and is located in Marin County, CA.  Plaintiff alleges that the NOVATO Police Department participated in promulgating the policies and practices that led to the misconduct of the individual officers and ratified the misconduct of the individual defendant officers.

6.      The MARIN COUNTY DISTRICT ATTORNEY'S OFFICE is a governmental entity responsible for the actions of its employees and Assistant District Attorneys and is located in Marin County, CA.  Plaintiff alleges that the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE participated in promulgating the policies and practices that led to the misconduct of the individual prosecutors and ratified the misconduct of the individual defendant prosecutors.

7.      Plaintiff LAMONT ELKINS is informed and believe the following:  Defendant CODY FENSKE is an adult and resident of the State of California.  At all times relevant herein, he was an officer employed by the NOVATO Police Department and was acting under color of law within the course and scope of his employment.  He is being sued in his individual capacity.

8.      Plaintiff LAMONT ELKINS is informed and believe the following:  Defendant

ANGEL MACIAS is an adult and resident of the State of California. At all times relevant herein, he was an officer employed by the NOVATO Police Department and was acting under color of law within the course and scope of his employment. He is being sued in his individual capacity.

9.    Plaintiff LAMONT ELKINS is informed and believes the following: Defendant REZA POURFARHANI is an adult and resident of the State of California. At all times relevant herein, he was an officer employed by the NOVATO Police Department and was acting under color of law within the course and scope of his employment. He is being sued herein in his individual capacity.

10.    Plaintiff LAMONT ELKINS is informed and believe the following: Defendant DERRICK YOUNG is an adult and resident of the State of California. At all times relevant herein, he was an officer employed by the NOVATO Police Department and was acting under color of law within the course and scope of his employment. He is being sued in his individual capacity.

11.    Plaintiff LAMONT ELKINS is informed and believe the following: Defendant LORI E. FRUGOLI is an adult and resident of the State of California. At all times relevant herein, she was the Marin District Attorney, in charge of the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE and was acting under color of law within the course and scope of her employment. She is being sued in his individual capacity.

12.    Plaintiff LAMONT ELKINS is informed and believe the following: Defendant LEON S. KOUSHARIAN is an adult and resident of the State of California. At all times relevant herein, he was an Assistant District Attorney employed by the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE and was acting under color of law within the course and scope of his employment. He is being sued in his individual capacity.

13.    Plaintiff LAMONT ELKINS is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff LAMONT ELKINS is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately

caused by the actions and/or in-actions of said Doe defendants.  Plaintiff will amend this complaint to include the true identities of said Doe defendants when they are ascertained.

14.     At all times mentioned, each of the defendants was acting as the agent, principal, employee, and/or employer of one or more of the remaining defendants and was, at all times herein alleged, acting within the purpose, course, and scope of such agency and/or employment for purposes of respondent superior and/or vicarious liability as to all other defendants.

15.     At all times mentioned herein, the defendants, and each of them, employed, hired, trained, retained, and/or controlled the actions of all other defendants, and each of them.

## FACTS

16.     Plaintiff LAMONT ELKINS is an adult male who at all relevant times resided and resides in the Marin County, CA.  On August 16, 2020, LAMONT ELKINS (Mr. ELKINS herein) was hanging out at Mike's Liquor Store on Grand Avenue around 9:30 pm.  He was contacted by Novato Police Dept. Officer Cody Fenske (Badge No. 443) (partnered at the time with Officer Angel Macias – Badge No. 420) because he allegedly matched the description of a suspect in armed robbery with injury that had taken place moments before a short distance away.  The suspect description in the Incident Report was "black male on a bicycle."  Mr. ELKINS is a black male and was on a bicycle but, as was discovered subsequently, that is where the similarities ended.  Mr. ELKINS's clothes were different and different colors, and his bicycle was a different color and make than the victim had given to police.

17.     Officer Fenske called for backup and Officers Reza Pourfarhani (Badge No. 352) and Derrick Young (Badge No. 460) arrived on scene to subdue and Mr. ELKINS into custody.  Officers then brought the robbery victim to the scene where they had detained Mr. ELKINS to see if the victim could identify Mr. ELKINS as his attacker.  Officer Macias recites in the Incident Report that, "While on scene, (victim) positively identified (Mr. ELKINS) as the suspect.  (The victim) stated that he was '100 percent' sure that (Mr. ELKINS) was the one that attempted to take his wallet and punched him in the face causing his eye to swell and bruise."  It was later discovered that the victim had said nothing of the sort.

18.     There was no warrant for LAMONT ELKINS' arrest at the time.

19.    Upon viewing Mr. ELKINS for purposes of identification, the victim (who had just been mugged, beaten up, and was suffering from a head injury and a brain bleed) stated several times that he wasn't sure whether or not Mr. ELKINS was the one who attacked him.  The victim obviously needed medical care.  Each time the victim said he wasn't sure if Complainant was the one who had attacked him Officers said "Are you sure?  You need to be 100% sure."  It became clear to the victim that the Officers were not going to let him get into the waiting ambulance unless he identified Mr. ELKINS as his attacker, so he did.  The victim was never sure, and he never said he was 100 percent sure that Mr. ELKINS had attacked him.  He later retracted the identification of Mr. ELKINS.  The Defendant Officers arrested Mr. ELKINS anyway and wrote an inaccurate incident report upon which the Defendant Prosecutors relied and failed to investigate, ratifying the actions of the Defendant Officers.

20.    Mr. ELKINS was arrested, booked, charged and incarcerated at the Marin County Jail for over two weeks.  During his incarceration Mr. ELKINS, who suffers from a heart condition, was denied access to his prescribed medications and was denied access to necessary medical care and treatment relative to his heart condition.

21.    As would be confirmed at a later date, at the exact time the armed robbery occurred Mr. ELKINS was on his cell phone "face timing" with someone and his phone was connected to Wi-Fi at a different location than that of the armed robbery, irrefutable proof that Mr. ELKINS was innocent.  Nobody checked the phone for two weeks after Mr. ELKINS was arrested.  The Defendant Officers and the Defendant Prosecutors failed to conduct even a cursory investigation into the facts, a failure of policies and procedures demonstrating an obvious disregard for Mr. ELKINS' Constitutional rights.

22.    All Officers identified herein were in the course and scope of their employment with the Novato Police Department at the time of the incident.  As stated previously, there are circumstances under which officers are permitted to use reasonable force as a part of their job responsibilities.  But in this case they arrested an innocent man based on a manipulated identification that led to Mr. ELKINS's arrest and incarceration, causing Mr. ELKINS to sustain personal injuries and attendant damages.

23.     The Officers involved had no warrant to arrest Mr. ELKINS yet did so anyway. They arrested Mr. ELKINS based on an inaccurate description and a manipulated identification. The tactics used that night by the Officers involved were willful and reckless and contrary to Department policies and procedures.  Furthermore, the Officers involved were negligently and poorly trained, were negligently and poorly hired, were negligently and poorly supervised (both at the scene and before) and were negligently retained.

24.     Additionally, the NOVATO Police Department and the Novato Police Department, and all its employees and sworn officers, were negligent in the hiring, training, selection, retention, and disciplining of the officers involved in the subject incident, as well as the officers who trained the involved officers throughout their careers, from the academy to the date in question.

25.     Mr. ELKINS was arrested, booked, charged and incarcerated at the Marin County Jail for over two weeks.  During his incarceration Mr. ELKINS, who suffers from a heart condition, was denied access to his prescribed medications and was denied access to necessary medical care and treatment relative to his heart condition.  The Criminal Complaint was authored and/or signed off on by Marin County District Attorney Lori E. Frugoli and Deputy District Attorney Leon S. Kousharian.

26.     All attorneys identified herein were in the course and scope of their employment with the Marin County District Attorney's Office at the time of the incident.  As stated previously, there are circumstances under which District Attorneys are permitted to charge and incarcerate suspects.  But in this case an innocent man was arrested, charged, and incarcerated based on a manipulated identification that led to Mr. ELKINS's arrest and incarceration, causing Plaintiff to sustain personal injuries and attendant damages.  Further, no real investigation took place until weeks later, which investigation conclusively proved Mr. ELKINS's innocence.

27.     Following the above-described incident, the Officers involved wrote police reports that contained incorrect, inaccurate and misleading information and that failed to include exculpatory evidence about LAMONT ELKINS.

28.     Thereafter, the Marin County District Attorney's Office and the Prosecutors

involved were actively involved in causing Mr. ELKINS to be criminally charged and prosecuted, charges which were ultimately dismissed outright.  Mr. ELKINS was harmed by his unjust arrest and incarceration and the conduct of the Marin County District Attorney's office was a substantial factor in causing that harm.

29.    LAMONT ELKINS was prosecuted by the Marin County District Attorney's Office.  LAMONT ELKINS is informed and believes that the district attorney's office based decisions to prosecute LAMONT ELKINS upon the misstatements, inaccuracies, and omissions of fact in the reports that were written by the defendants and each of them.  The Defendant Officer's wrongful arrest of Mr. ELKINS, and their resulting report, were then ratified the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE as were the actions of the Prosecutors involved.

30.    The prosecution of LAMONT ELKINS is ongoing and is not yet resolved.

31.    The tactics used by the Prosecutors involved were willful and reckless and contrary to Department policies and procedures.  Furthermore, the Prosecutors involved were negligently and poorly trained, were negligently and poorly hired, were negligently and poorly supervised (both at the scene and before) and were negligently retained.

32.    Additionally, the Marin County Attorney General's Office, and all its employees, were negligent in the hiring, training, selection, retention, and disciplining of the attorneys involved in the subject incident, as well as the attorneys who trained the involved attorneys throughout their careers.

**POLICE CUSTOM, PRACTICE, AND POLICY (*MONELL* CLAIMS)**

33.    To establish an official policy that gives rise to *Monell* liability, Mr. ELKINS alleges that at various times the actions of Defendants: comprised a set of unconstitutional customs, practices and/or policies which lead to the violation of Mr. ELKINS' rights; constituted deliberately indifferent omissions through their failure to properly train the Defendant Officers and failure to have needed policies to prevent such Officer actions as wrongful arrest and intentionally misleading reports and witness statements; and/or the final policy makers' ratification of the conduct underlying Mr. ELKINS' injuries and the violation of Mr. ELKINS' rights.  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities),

overruled on other grounds by *Castro v. City of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). The unconstitutional actions and/or omissions of the individual police officers, on information and belief, were pursuant to the following customs, policies, practices and/or procedures of the NOVATO Police Department as follows:

a.    To use, tolerate, or instruct the use of coercive witness identifications;

b.    To engage in or tolerate unreasonable seizures and restraints;

c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, wrongful arrests, and the use of force;

e.    To hide or cover up violations of constitutional rights by any of the following:

i.    By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

iii.    By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing, and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information.

g.    To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and Police Department personnel, whereby an officer or member of the Police Department does not provide adverse information against a fellow officer or member of the department; and

h.    Defendant NOVATO Police Department failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Mr. ELKINS' constitutional rights.

34.    It is the custom, practice, and policy of the NOVATO Police Department and Does 1 to 20 to inadequately and improperly investigate complaints of police misconduct, thereby directly and/or indirectly endorsing and encouraging such actions as the injuries inflicted upon Mr. ELKINS.

**PROSECUTOR CUSTOM, PRACTICE, AND POLICY (*MONELL* CLAIMS)**

35.    To establish an official policy that gives rise to *Monell* liability, Mr. ELKINS alleges that at various times the actions of Defendants: comprised a set of unconstitutional

customs, practices and/or policies which lead to the violation of Mr. ELKINS' rights; constituted deliberately indifferent omissions through their failure to properly train the Defendant Officers and failure to have needed policies to prevent such Prosecutor actions; and/or the final policy makers' ratification of the conduct underlying Mr. ELKINS' injuries and the violation of Mr. ELKINS' rights. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities), overruled on other grounds by *Castro v. City of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). The unconstitutional actions and/or omissions of the individual Prosecutors, on information and belief, were pursuant to the following customs, policies, practices and/or procedures of the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE as follows:

   a.    To use, tolerate, or instruct the failure to conduct even a cursory investigation into the claims of Officers before making charging decisions;

   b.    To use, tolerate, or instruct the failure to conduct even a cursory investigation into the claims of Officers before incarcerating Defendants;

   36.    Notwithstanding knowledge on the part of the NOVATO POLICE DEPARTMENT that their officers injured Plaintiff and violated LAMONT ELKINS'S civil rights by engaging in the activities alleged above, the NOVATO POLICE DEPARTMENT and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE and the Prosecutors involved have an affirmative agreement with the individual defendant officers' actions and have ratified the unconstitutional and unlawful acts by the individual defendant officers, taking those actions a step further by charging and incarcerating Mr. ELKINS.

## CLAIMS PROCEDURE

   37.    Plaintiff LAMONT ELKINS has made the necessary claims, pursuant to California Government Code § 910, to preserve the state causes of action set forth below.

### FIRST COUNT
**As To All Defendants And DOES 1-20**
**(Violation of Fourth Amendment Rights – Illegal Search & Seizure)**
**(42 USC § 1983)**
**(Brought by Plaintiff LAMONT ELKINS)**

   38.    Plaintiff LAMONT ELKINS incorporates, herein by reference, paragraphs 1 through 36 as though fully set forth herein.

39.    This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, § 1983.

40.    Each of the acts complained of herein was committed by the Defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of California, the customs, practices and policies of NOVATO Police Department, and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE, and under the authority of their offices as law enforcement officers for the NOVATO Police Department, and under the authority of their offices as Prosecutors.

41.    The conduct of the Defendants, and each of them, deprived LAMONT ELKINS of the right of the right to be secure in his person and effects against unreasonable search and seizure, as secured by the Fourth Amendment to the Constitution of the United States.

42.    The actions of the Defendants, and each of them, were the result of policies and/or customs, and/or Does 1 to 20, whose inadequacy in training the defendant Officers and Prosecutors with respect to the performance of their duties, including, but not limited to, searches, seizures, use of force, arrests, the charging of Defendants, and detentions, constituted a deliberate indifference to citizens' Constitutional rights leading to wrongful arrests and incarcerations such as the one Mr. ELKINS endured.

43.    The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest LAMONT ELKINS.  The Officers and Prosecutors involved conspired to injure LAMONT ELKINS.  The Defendant Officers actions were based on the customs, practices and policies of NOVATO Police Department which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The Defendant Prosecutors actions were based on the customs, practices and policies of MARIN COUNTY DISTRICT ATTORNEY'S OFFICE which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The actions of the Officers and Prosecutors involved

were ratified by the NOVATO Police Department and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE.44.  As a direct and proximate result of the Defendants' conduct, as alleged herein, LAMONT ELKINS suffered physical injuries, fright, shock, pain, suffering, inconvenience, anxiety, and extreme mental anguish.  Accordingly, LAMONT ELKINS has suffered past and future general damages in amounts to be determined by proof at trial.

45.     As a direct and proximate result of the Defendants' conduct, LAMONT ELKINS required medical treatment, was incarcerated, and sustained a leg fracture which required surgical repair.  He suffered past and future special damages in amounts to be determined by proof at trial.

46.     Through their conduct, the Officers and Prosecutors involved acted maliciously and oppressively, in willful and conscious disregard for LAMONT ELKINS' rights and safety and with the sole intent to harm LAMONT ELKINS.  LAMONT ELKINS is entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

47.     As a proximate cause of the Defendants' conduct, LAMONT ELKINS is incurring attorney fees and litigation costs, including the costs of retaining experts.

**SECOND COUNT**
**As To All Defendants And DOES 1-20**
**(Violation of Fourth Amendment Rights - Malicious Prosecution)**
**(Brought by Plaintiff LAMONT ELKINS)**

48.     Plaintiff LAMONT ELKINS incorporates, herein by reference, paragraphs 1 through 36 as though fully set forth herein.

49.     This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment to the Constitution of the United States, and under federal law.

50.     Each of the acts complained of herein was committed by the Defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the United States, and under the authority of their offices as law enforcement officers for the NOVATO Police Department including and based on customs, practices and policies of the City.

51.     The defendants acted maliciously or for a purpose other than bringing LAMONT

ELKINS to justice, in that they sought to have criminal charges brought against LAMONT ELKINS to cover for their own misdeeds and to punish LAMONT ELKINS for not immediately complying with their unlawful detention, arrest, and brutality.  Defendants knew that their statements, misstatements, omissions, and exaggerations would be reviewed and considered by prosecutors in deciding whether to file and/or pursue criminal charges against LAMONT ELKINS.  These constitute a deliberately indifferent omission in the Department's customs, practices and policies.

52.    LAMONT ELKINS suffered deprivation of his liberty consistent with the concept of a seizure as a consequence of the legal proceedings.  LAMONT ELKINS was prosecuted based upon the Defendants' misstatements and had to appear in court for hearings while the prosecution proceeds.  The actions of the Defendant Officers were compounded by the actions of the Prosecutors involved.

53.    The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate LAMONT ELKINS' civil rights and to injure him.  The Defendant Officer's wrongful of Mr. ELKINS, along with their report which led to his prosecution.  The actions of the Defendant Officers were compounded by the actions of the Prosecutors involved who wrongfully charged and incarcerated Mr. ELKINS.

54.    As a direct and proximate result of the conduct of the Defendants, and each of them, as alleged herein, LAMONT ELKINS suffered physical injuries, fright, shock, pain, suffering, inconvenience, anxiety, and extreme mental anguish.  Accordingly, he suffered past and will suffer future general damages in amounts to be determined by proof at trial.

55.    Through their conduct, the defendants, and each of them, acted maliciously and oppressively, in willful and conscious disregard for  LAMONT ELKINS' rights and safety, and with the sole intent to harm him.  He is entitled to punitive or exemplary damages from the individual rangers in an amount to be determined by proof at trial.

56.    The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest LAMONT ELKINS.  The Officers and Prosecutors involved conspired to injure LAMONT ELKINS.  The Defendant Officers actions were based on the

customs, practices and policies of NOVATO Police Department which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS. The Defendant Prosecutors actions were based on the customs, practices and policies of MARIN COUNTY DISTRICT ATTORNEY'S OFFICE which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS. The actions of the Officers and Prosecutors involved were ratified by the NOVATO Police Department and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE.

57.     As a proximate cause of the conduct of the Defendants, and each of them, attorney fees and expenses were incurred in the defense of the criminal charges. LAMONT ELKINS is also incurring attorney fees and litigation costs, including the costs of retaining experts in the present case.

**THIRD COUNT**
**As To All Defendants And DOES 1-20**
**(False Arrest & False Imprisonment)**
**(Brought by Plaintiff LAMONT ELKINS)**

58.     Plaintiff LAMONT ELKINS incorporates, herein by reference, paragraphs 1 through 36 as though fully set forth herein.

59.     The Defendants, and each of them, intentionally acted with the purpose of confining LAMONT ELKINS against his will. LAMONT ELKINS was detained and seized by the defendant officers who were at the scene. The detentions and seizures amounted to unlawful arrests. Then Mr. ELKINS was wrongfully charged and incarcerated by the Prosecutors involved and held in jail for two weeks.

60.     The arrest of LAMONT ELKINS was made without an arrest warrant. The arrest was unreasonable, lacked probable cause and was based on a coerced witness statement/identification. The arrest was unlawful, and the Defendants were without reasonable cause to believe the arrest was lawful at the time it was made. Then Mr. ELKINS was wrongfully charged and incarcerated by the Prosecutors involved and held in jail for two weeks.

61.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest LAMONT ELKINS.  The Officers and Prosecutors involved conspired to injure LAMONT ELKINS.  The Defendant Officers actions were based on the customs, practices and policies of NOVATO Police Department which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The Defendant Prosecutors actions were based on the customs, practices and policies of MARIN COUNTY DISTRICT ATTORNEY'S OFFICE which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The actions of the Officers and Prosecutors involved were ratified by the NOVATO Police Department and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE.

62.     As a direct and proximate result of the Defendants' conduct, as alleged herein, LAMONT ELKINS suffered physical injuries, fright, shock, pain, suffering, and extreme mental anguish.  Accordingly, LAMONT ELKINS suffered past and future general damages in amounts to be determined by proof at trial.

63.     As a direct and proximate result of the Defendants' conduct, LAMONT ELKINS required medical treatment and sustained a leg fracture which required surgical repair.  He suffered past and future special damages in amounts to be determined by proof at trial.

64.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for LAMONT ELKINS' rights and safety and with the sole intent to harm him.  LAMONT ELKINS is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

**FOURTH COUNT**
**As To All Defendants And DOES 1-20**
**(Intentional Infliction of Emotional Distress)**
**(Brought by Plaintiff LAMONT ELKINS)**

65.     Plaintiff LAMONT ELKINS incorporates, herein by reference, paragraphs 1 through 36 as though fully set forth herein.

66.    The conduct of the Defendants, and each of them, was intentional, outrageous, malicious, and done with ill will and with the intent to cause LAMONT ELKINS to suffer humiliating mental anguish, as well as emotional and physical distress.

67.    The conduct of the Defendants, and each of them, was so severe and outrageous that as a proximate result LAMONT ELKINS suffered humiliation, mental anguish, and emotional and physical distress.  He has exhibited manifestations of the humiliation, mental anguish, and emotional distress he suffered, including, but not limited to, sleeplessness, anxiety, nightmares, and ruminating on the events.

68.    The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest LAMONT ELKINS.  The Officers and Prosecutors involved conspired to injure LAMONT ELKINS.  The Defendant Officers actions were based on the customs, practices and policies of NOVATO Police Department which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The Defendant Prosecutors actions were based on the customs, practices and policies of MARIN COUNTY DISTRICT ATTORNEY'S OFFICE which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The actions of the Officers and Prosecutors involved were ratified by the NOVATO Police Department and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE.

69.    As a direct and proximate result of the Defendants' conduct, as alleged herein, LAMONT ELKINS suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish.  Accordingly, he has suffered past and future general damages in amounts to be determined by proof at trial.

70.    As a direct and proximate result of the Defendants' conduct, LAMONT ELKINS required medical treatment.  He suffered past and future special damages in amounts to be determined by proof at trial.

71.    Through their conduct, the individual officers acted maliciously and oppressively,

in willful and conscious disregard for LAMONT ELKINS' rights and safety and with the sole intent to harm him.  LAMONT ELKINS is therefore entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

**FIFTH COUNT**
**As To All Defendants And DOES 1-20**
**(Negligent Infliction of Emotional Distress)**
**(Brought by Plaintiff LAMONT ELKINS)**

72.    Plaintiff LAMONT ELKINS incorporates, herein by reference, paragraphs 1 through 36 as though fully set forth herein.

73.    The conduct of the Defendants, and each of them, negligently caused LAMONT ELKINS to suffer humiliating mental anguish, as well as emotional and physical distress.

74.    The conduct of the Defendants, and each of them, was so severe and outrageous that as a proximate result LAMONT ELKINS suffered humiliation, mental anguish, and emotional and physical distress.  He has exhibited manifestations of the humiliation, mental anguish, and emotional distress he suffered, including, but not limited to, sleeplessness, anxiety, nightmares, and ruminating on the events.

75.    The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest LAMONT ELKINS.  The Officers and Prosecutors involved conspired to injure LAMONT ELKINS.  The Defendant Officers actions were based on the customs, practices and policies of NOVATO Police Department which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The Defendant Prosecutors actions were based on the customs, practices and policies of MARIN COUNTY DISTRICT ATTORNEY'S OFFICE which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The actions of the Officers and Prosecutors involved were ratified by the NOVATO Police Department and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE.

76.     As a direct and proximate result of the Defendants' conduct, as alleged herein, LAMONT ELKINS suffered physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish.  Accordingly, he has suffered past and future general damages in amounts to be determined by proof at trial.

77.     Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for LAMONT ELKINS' rights and safety and with the sole intent to harm him.  He is, therefore, entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

**SIXTH COUNT**
**As To All Defendants And DOES 1-20**
**(Bane Act – California Civil Code § 52.1)**
**(Brought by Plaintiff LAMONT ELKINS)**

78.     Plaintiff LAMONT ELKINS incorporates, herein by reference, paragraphs 1 through 36 as though fully set forth herein.

79.     In performing the actions alleged above, the Defendants, and each of them, interfered by threats, intimidation, violence, or coercion with LAMONT ELKINS' exercise or enjoyment of rights secured by the Constitution or laws of the United States and/or the rights secured by the Constitution or laws of the State of California.  These laws include, but are not limited to, the first, fourth, and fourteenth amendments to the United States Constitution; Article 1, sections 1, 2, 13 and 17 of the California Constitution; and California Civil Code § 43.

80.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate LAMONT ELKINS' civil rights and to injure him.

81.     The Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to falsely arrest LAMONT ELKINS.  The Officers and Prosecutors involved conspired to injure LAMONT ELKINS.  The Defendant Officers actions were based on the customs, practices and policies of NOVATO Police Department which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The Defendant Prosecutors actions were based on the customs, practices and policies of MARIN COUNTY

DISTRICT ATTORNEY'S OFFICE which constitute a deliberately indifferent omission in the Department's customs, practices and policies, leading to injury and violations of Constitutional right such as those suffered by Mr. ELKINS.  The actions of the Officers and Prosecutors involved were ratified by the NOVATO Police Department and the MARIN COUNTY DISTRICT ATTORNEY'S OFFICE.

82.    As a direct and proximate result of the Defendants' conduct, LAMONT ELKINS required medical treatment sustained a leg fracture which required surgical repair.  He suffered past and future special damages in amounts to be determined by proof at trial.

83.    Through their conduct, the individual officers acted maliciously and oppressively, in willful and conscious disregard for LAMONT ELKINS'S rights and safety and with the sole intent to harm him.  He is, therefore, entitled to punitive or exemplary damages from the individual officers in an amount to be determined by proof at trial.

84.    As a proximate cause of the Defendants' conduct, LAMONT ELKINS is incurring attorney fees and litigation costs.

85.    Defendant's violation of Plaintiff's rights as guaranteed by California Civil Code section 52.1 entitles LAMONT ELKINS to compensatory and punitive damages, treble damages, as well as attorney fees, all of which are provided for in California Civil Code sections 52, et seq., and are requested, herein.

## **PRAYER**

Wherefore, Plaintiff pray for judgment against the Defendants as follows:

**First Count**.

1.    Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2.    Past and future special damages, including, but not limited to, medical and related expenses as well as property damage, in an amount to be determined according to proof at trial;

3.    Costs of suit incurred herein, including expert costs and fees;

4.    Punitive or exemplary damages against the individual defendant officers, in an

amount to be determined according to proof at trial;

5.   Attorney fees; and

6.   For such other and further relief as the court may deem proper.

**Second Count**

1.   Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2.   Past and future special damages, including, but not limited to, medical and related expenses as well as property damage, in an amount to be determined according to proof at trial;

3.   Costs of suit incurred herein, including expert costs and fees;

4.   Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

5.   Attorney fees; and

6.   For such other and further relief as the court may deem proper.

**Third Count**

1.   Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2.   Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits, and travel expenses to hearings, in an amount to be determined according to proof at trial;

3.   Costs of suit incurred herein, including expert fees and costs;

4.   Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

5.   Attorney fees; and

6.   For such other and further relief as the court may deem proper.

**Fourth Count**

1.   Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2. Past and future special damages, including, but not limited to, medical and related expenses as well as lost income and property damage, in an amount to be determined according to proof at trial;

3. Costs of suit incurred herein;

4. Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial; and

5. For such other and further relief as the court may deem proper.

**Fifth Count**

1. Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2. Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits, in an amount to be determined according to proof at trial;

3. Costs of suit incurred herein;

4. Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial; and

5. For such other and further relief as the court may deem proper.

**Sixth Count**

1. Past and future general damages, including, but not limited to, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

2. Past and future special damages, including, but not limited to, medical and related expenses as well as lost educational pursuits and property damage, in an amount to be determined according to proof at trial;

3. Costs of suit incurred herein, including expert fees and costs;

4. Punitive or exemplary damages against the individual defendant officers, in an amount to be determined according to proof at trial;

5. Treble damages;

6. Attorney fees; and

FIRST AMENDED COMPLAINT AND JURY DEMAND                    20.

7.      For such other and further relief as the court may deem proper.

Dated:  September 21, 2021                    THE DOLAN LAW FIRM

                                              By:  _____
                                                   Christopher B. Dolan
                                                   Jeremy M. Jessup
                                                   Matthew D. Gramly
                                                   Attorneys for Plaintiff

1

### **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3

Procedure.

4

5

6  Dated:  September 21, 2021

THE DOLAN LAW FIRM

7  By: _____

8  Christopher B. Dolan
   Jeremy M. Jessup
9  Matthew D. Gramly
   Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28