UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT ELKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOVATO POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-07377-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 18, 25 |

　　　　On October 21, 2021, defendants Marin County District Attorney's Office, District Attorney Lori Frugoli, and Deputy District Attorney Leon Kousharian (collectively the "Marin defendants") filed a motion to dismiss Lamont Elkins' complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Dkt. No. 18. (Marin MTD). On October 28, 2021, defendants City of Novato, Angel Macias, Reza Pourfarhani, and Derrick Young (collectively the "Novato defendants") moved to dismiss Lamont Elkins' complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Dkt. No. 25. (Novato MTD). On November 12, 2021, Mr. Elkins filed an opposition to the Novato defendants' motion to dismiss requesting leave to file a First Amended Complaint in this matter, stating he intends to dismiss the Marin defendants. Dkt. No. 27. (Opp.) The Court determined that the matter may be decided on the papers and without oral argument, and accordingly the hearing set for December 17, 2021 was vacated.

　　　　For the reasons set out below, the motions are granted, with leave to amend as to the Novato defendants.

**BACKGROUND**

On September 22, 2021, plaintiff filed the instant action alleging six causes of action, namely: (1) 42 U.S.C. § 1983 (Unlawful Search & Seizure) (*Monell* liability), (2) Malicious Prosecution, (3) False Arrest, (4) Intentional Infliction of Emotional Distress (IIED), (5) Negligent Infliction of Emotional Distress (NIED), and (6) Violation of the California Civil Code § 52.1 (California's Bane Act). The Marin defendants move to dismiss all of plaintiff's claims as to them arguing they are entitled to absolute immunity. Dkt. No. 18 at 3[1]. (Marin MTD). The Novato defendants move to dismiss all of plaintiff's claims for failure to state a claim. Dkt. No. 25 at 26. (Novato MTD).

### A.   Allegations re the August 16, 2020 Incident

On August 16, 2020, Mr. Elkins was arrested by an officer of the Novato Police Department because he allegedly matched the description of a suspect in an armed robbery with injury that had taken place moments before and a short distance from where Mr. Elkins was detained. Compl. at ¶ 16, (Dkt. No. 1). The Complaint alleges Mr. Elkins was contacted by Officer Cody Fenske because he was a "black male on a bicycle." *Id.* The Complaint alleges the suspect's description in the Novato Police Department Incident Report ("Incident Report") was "black male on a bicycle," but Mr. Elkin's clothes were "different and different colors, and his bicycle was a different color and make than the victim had given to police." *Id.*

The Complaint alleges Officer Fenske called for backup and Officers Reza Pourfarhani and Derrick Young arrived on scene to subdue and take Mr. Elkins into custody. *Id.* at ¶ 17. The Complaint alleges the officers then brought the robbery victim to where Mr. Elkins was detained to see if the victim could identify Mr. Elkins as his attacker. *Id.* The Complaint alleges Officer Macias recites in the Incident Report, " '[w]hile on scene, (victim) positively identified [Mr. Elkins] as the suspect. (The victim) stated that he was '100 percent' sure that [Mr. Elkins] was the one that attempted to take his wallet and punched him in the face causing his eye to swell and bruise.' " *Id.*

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

The Complaint alleges "[i]t was later discovered that the victim had said nothing of the sort." *Id.* The Complaint alleges there was no warrant for Mr. Elkins' arrest at the time. *Id.* at ¶ 18.

The Complaint alleges "[u]pon viewing [Mr. Elkins] for purposes of identification, the victim [] stated several times that he wasn't sure whether or not [Mr. Elkins] was the one who attacked him." *Id.* at ¶ 19. The Complaint alleges "[t]he victim was never sure, and he never said he was 100 percent sure that [Mr. Elkins] had attacked him" and he later retracted identification of Mr. Elkins. *Id.*

The Complaint alleges defendant officers arrested Mr. Elkins anyway and wrote an inaccurate incident report upon which the "defendant prosecutors relied and failed to investigate, ratifying the actions of the defendant officers." *Id.* The Complaint alleges Mr. Elkins was arrested, booked, charged and incarcerated at the Marin County Jail for over two weeks. *Id.* at ¶ 20. The Complaint alleges Mr. Elkins suffers from a heart condition for which he has prescribed medications. *Id.* The Complaint alleges during his incarceration Mr. Elkins was denied access to his prescribed medications, necessary medical care, and treatment relative to his heart condition. *Id.*

Mr. Elkins argues the Novato defendant officers wrongfully arrested him based on intentionally coerced witness identification and failed to do even a cursory investigation which would have revealed digital proof he was not the individual they were looking for. Dkt. No. 27 at 2. (Opp.). Mr. Elkins alleges sometime after he was incarcerated, it was confirmed that he was on his cell phone, connected to Wi-Fi and "face timing" with someone from a different location than where the armed robbery occurred, which he claims is irrefutable proof that he was innocent of committing the attack. Compl. at ¶ 21. Mr. Elkins argues the defendant officers and prosecutors failed to conduct any investigation into the facts, showing "a failure of policies and procedures demonstrating an obvious disregard" for his constitutional rights.[2] *Id.*

On August 18, 2020, Marin County Deputy District Attorney Leon Kousharian filed a criminal complaint against Mr. Elkins alleging violations of (1) Battery with serious bodily injury, (2) attempted second degree robbery, and (3) exhibiting a deadly weapon. Dkt. No. 18-2 at 7-8, 11.

---

[2] Plaintiff erroneously alleges "Chief McManus would have noted that in his investigation of their actions." Dkt. No. 27 at *2. (Opp.). There is no "Chief McManus" in this action.

(Criminal Complaint, Ex. 2 to Anker Decl.). On August 20, 2020, plaintiff was arraigned on the criminal complaint, bail was set in the amount of $125,000, the preliminary hearing was set for August 27, 2020. Dkt. No. 18-2 at 4-5. (Minutes Ex. 1 to Anker Decl.). On August 27, 2020, counsel for both parties stipulated to a continuance of the preliminary hearing. *Id.* On November 19, 2020, plaintiff's unopposed petition for factual innocence was granted by the Superior Court. *Id.*

### B. Allegations re Custom, Practice & Policy

The Complaint alleges the unconstitutional actions and/or omissions of the individual police officers were pursuant to the following customs, policies, practices and/or procedures of the Novato Police Department including:

a. To use, tolerate, or instruct the use of coercive witness identifications;

b. To engage in or tolerate unreasonable seizures and restraints;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, wrongful arrests, and the use of force;

e. To hide or cover up violations of constitutional rights by any of the following:

i. By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

iii. By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing, and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information.

g. To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and Police Department personnel, whereby an officer or member of the Police Department does not provide adverse information against a fellow officer or member of the department; and

h. Defendant NOVATO Police Department failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Mr. ELKINS' constitutional rights.

Compl. at ¶ 33. The Complaint further alleges it is the custom, practice, and policy of the Novato Police Department to inadequately and improperly investigate complaints of police misconduct. *Id.* at 34.

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. Cty of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). The Ninth Circuit has repeatedly held "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    All claims as to Marin Defendants**

The Marin defendants move to dismiss all of plaintiff's claims as to them arguing they are

5

1  entitled to absolute immunity. Dkt. No. 18 at 3. (Marin MTD). Mr. Elkins concedes the Marin
2  defendants are entitled to immunity. Dkt. No. 27 at 2. (Opp.) (plaintiff agrees "a single party
3  dismissal per Rule 41(a) or Rule 21 as the Court prefers" is appropriate.). Accordingly, the Court
4  **GRANTS** the Marin defendant's motion to dismiss the Marin defendants WITH prejudice.

## II.  Malicious Prosecution claim as to the Novato Defendants (Second Cause of Action)

In California, the first element of a malicious prosecution claim is the prosecution was initiated by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor. *Conrad v. United States,* 447 F.3d 760, 767 (9th Cir. 2006) (citing *Sheldon Appel Co. v. Albert & Oliker,* 765 P.2d 498, 501 (Cal. 1989)); see *Pagtakhan v. Doe*, No. C 08-2188 SI (PR), 2014 WL 2083041, at *3 (N.D. Cal. May 19, 2014).

The Complaint confusingly alleges (1) the charges against Mr. Elkins were "ultimately dismissed outright," and (2) the "prosecution of Mr. Elkins is ongoing and is not yet resolved." Dkt. No. 1 at ¶¶ 28, 30. The Novato defendants argue the malicious prosecution claim fails as ongoing proceedings are not cognizable as a matter of law. Dkt. No. 25 at 24 (Reply). Mr. Elkins stated he intends to dismiss his malicious prosecution claim as to only the Marin defendants. Dkt. No. 27 at 4. (Opp.)

Because it is unclear from the current record before the Court whether plaintiff's prosecution has terminated in his favor or not, the Court **GRANTS** the motion to dismiss the malicious prosecution claim as to the Novato defendants, without prejudice to the claim being filed should the prosecution end in Mr. Elkins' favor.

## III.  Claims 1, 3-6 as to the Novato Defendants

The Novato defendants argue the Complaint fails to show defendant officers participated in the allegedly coerced identification of Mr. Elkins or that they knew or had reason to know the victim's identification was incorrect. Dkt. No. 25 at 26. (Novato MTD). The Complaint alleges defendant officers intentionally coerced an incorrect identification from a witness, whereby Mr. Elkins was unjustly arrested and imprisoned for two weeks. Compl. at ¶¶ 59-61. The Novato

defendants argue the complaint confusingly combines and conflates allegations against the Novato defendants with claims against the Marin defendants. Dkt. No. 25 at 13. (Novato MTD). To survive a motion to dismiss, plaintiff must make clear which causes of action are asserted against which defendants with necessary allegations in support thereof.

For the reasons stated above, the Novato defendants' motion to dismiss is granted and plaintiff may file an amended complaint on or before January 14, 2021.

**CONCLUSION**

The Court **GRANTS** the Marin defendants' motion to dismiss as to all claims WITH prejudice.

The Court **GRANTS** the Novato defendants' motion to dismiss WITHOUT prejudice as discussed above.

Plaintiff shall file an amended complaint on or before January 14, 2021.

**IT IS SO ORDERED**.

Dated: December 14, 2021

SUSAN ILLSTON
United States District Judge