UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT ELKINS,<br><br>        Plaintiff,<br><br>     v.<br><br>NOVATO POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 21-cv-07377-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DIMISS FIRST AMENDED COMPLAINT** |

On January 26, 2022, defendants City of Novato and individual officers Cody Fenske, Angel Macias, and Reza Pourfarhani (the "Novato defendants"), filed the instant motion to dismiss the first amended complaint ("FAC"). Having reviewed the parties submissions the Court found this matter appropriate for resolution without oral argument and VACATED the April 1, 2022 hearing pursuant to Local Rule 7-1(b). For the reasons stated below, defendants' motion to dismiss is GRANTED.

**BACKGROUND**

On September 22, 2021, plaintiff filed the instant action. Dkt. No. 1. Plaintiff originally sued the Novato Defendants as well as the Marin County District Attorney's office, and individual assistant district attorneys ("the Marin Defendants"). *Id*. Plaintiff's original complaint asserted *all* causes of action against *all* defendants. *Id*. On October 28, 2022, defendants filed a motion to dismiss all causes of action. Dkt. No. 25. On December 14, 2021, the Court granted the Marin Defendants' motion to dismiss with prejudice and granted the Novato Defendant's motion to dismiss with leave to amend so plaintiff could, among other things, make clear which causes of action were

1

brought against which defendants. Dkt. No. 32 at 7[1].

On January 14, 2022, plaintiff filed the FAC alleging six causes of action, namely: (1) 42 U.S.C. § 1983 (Unlawful Search & Seizure) (Monell liability), (2) Malicious Prosecution, (3) False Arrest, (4) Intentional Infliction of Emotional Distress (IIED), (5) Negligent Infliction of Emotional Distress (NIED), and (6) Violation of the California Civil Code § 52.1 (California's Bane Act). Dkt. No. 36 (FAC). The Novato defendants move to dismiss all of plaintiff's claims for failure to state a claim. Dkt. No. 37 at 10. (Motion to Dismiss).

**A. Allegations re the August 16, 2020 Incident**

On August 16, 2020, Mr. Elkins was arrested because he allegedly matched the description of a suspect in an armed robbery with injury that had taken place moments before and a short distance from where Mr. Elkins was detained. Dkt. No. 36. at ¶ 13 (FAC). The FAC alleges Mr. Elkins was contacted by Officer Cody Fenske because Mr. Elkins was a "black male on a bicycle" and the suspect's description in the Novato Police Department Incident Report ("Incident Report") was "black male on a bicycle." *Id*. However, Mr. Elkin's clothes were "different and different colors, and his bicycle was a different color and make than the victim had given to police." *Id*.

The FAC alleges Officer Fenske called for backup and Officers Reza Pourfarhani and Derrick Young arrived on scene to subdue and take Mr. Elkins into custody. *Id*. at ¶ 14. The First Amended Complaint alleges unnamed "Officers" brought the robbery victim to where Mr. Elkins was detained to see if the victim could identify Mr. Elkins as his attacker. *Id*. The First Amended Complaint alleges Officer Macias "recites" in the Incident Report, " '[w]hile on scene, (victim) positively identified [Mr. Elkins] as the suspect. (The victim) stated that he was '100 percent' sure that [Mr. Elkins] was the one that attempted to take his wallet and punched him in the face causing his eye to swell and bruise.' " *Id*. The First Amended Complaint alleges "[i]t was later discovered that the victim had said nothing of the sort." *Id*. The First Amended Complaint alleges there was no warrant for Mr. Elkins' arrest at the time. *Id*. at ¶ 15.

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

The FAC further alleges:

> [u]pon viewing [Mr. Elkins] for purposes of identification, the victim [] stated several times that he wasn't sure whether or not [Mr. Elkins] was the one who attacked him…. Each time the victim said he wasn't sure if Complainant was the one who had attacked him **Officers** said 'Are you sure? You need to be 100% sure.' It became clear to the victim that the **Officers** were not going to let him get into the waiting ambulance unless he identified Mr. ELKINS as his attacker, so he did. The victim was never sure, and he never said he was 100 percent sure that Mr. ELKINS had attacked him. He later retracted the identification of Mr. ELKINS. The **Defendant Officers** arrested Mr. ELKINS anyway and wrote an inaccurate incident report which formed the basis of Mr. ELKINS' incarceration and prosecution.

*Id*. at ¶ 16. Mr. Elkins was arrested, booked, charged and incarcerated at the Marin County Jail for over two weeks. *Id*. at ¶ 17. The FAC alleges Mr. Elkins suffers from a heart condition for which he has prescribed medications and, during his incarceration, Mr. Elkins was denied access to his prescribed medications, necessary medical care and treatment relative to his heart condition. *Id*. The FAC further alleges "**the Officers** involved wrote police reports that contained incorrect, inaccurate and misleading information and that failed to include exculpatory evidence" about plaintiff. Id. at ¶ 24.

Mr. Elkins alleges sometime after he was incarcerated, it was confirmed he was on his cell phone, connected to Wi-Fi and "face timing" with someone from a different location than where the armed robbery occurred, which, allegedly, is irrefutable proof of his innocence. Id. at ¶ 18. Based on the Wi-Fi evidence, Mr. Elkins concludes "[t]he **Defendant Officers** failed to conduct even a cursory investigation into the facts, a failure of policies and procedures demonstrating an obvious disregard for [his] Constitutional rights." *Id* at ¶ 18.

On August 18, 2020, Marin County Deputy District Attorney Leon Kousharian filed a criminal complaint against Mr. Elkins alleging violations of (1) Battery with serious bodily injury, (2) attempted second degree robbery, and (3) exhibiting a deadly weapon. Dkt. No. 18-2 at 7-8, 11(Criminal Complaint, Ex. 2 to Anker Decl.). On August 20, 2020, plaintiff was arraigned on the criminal complaint, bail was set in the amount of $125,000, the preliminary hearing was set for August 27, 2020. Dkt. No. 18-2 at 4-5. (Minutes Ex. 1 to Anker Decl.). On November 19, 2020, plaintiff's unopposed petition for factual innocence was granted by the Superior Court. *Id*.

**B. Allegations re Custom, Practice & Policy**

The FAC alleges the unconstitutional actions and/or omissions of the individual police officers were pursuant to the following customs, policies, practices and/or procedures of the Novato Police Department including:

a. To use, tolerate, or instruct the use of coercive witness identifications;

b. To engage in or tolerate unreasonable seizures and restraints;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, wrongful arrests, and the use of force;

e. To hide or cover up violations of constitutional rights by any of the following:

   i. By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and
   iii. By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing, and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information.

g. To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and Police Department personnel, whereby an officer or member of the Police Department does not provide adverse information against a fellow officer or member of the department; and

h. Defendant NOVATO Police Department failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individual officers involved herein, with deliberate indifference to Mr. ELKINS' constitutional rights.

Dkt. No. 36 at ¶ 25 (FAC).

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. See *Usher v. Cty of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). The Ninth Circuit has repeatedly held "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. The FAC Fails to Allege the Basis of Plaintiff's Claim Against Each Defendant

When a plaintiff sues multiple defendants, the "complaint must specify exactly what each separate defendant is alleged to have done to cause plaintiff harm." *Fagbohungbe v. Caltrans*, Case No. 13-cv-03801-WHO, 2014 U.S. Dist. LEXIS 22214, 2014 WL 644008 (N.D. Cal. Feb. 19, 2014); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding that a plaintiff "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."); *Kim v. City of Belmont*, No. 17-cv-02563-JST, 2018 U.S. Dist. LEXIS 9946, at *9 (N.D. Cal. Jan. 22, 2018). The FAC fails to do this.

5

1    Plaintiff's amended complaint is confusing at best with respect to what he alleges the

2 individual officer defendants *did*. The only two paragraphs that call out the individual officer

3 defendants by name read as follows:

> On August 16, 2020, LAMONT ELKINS (Mr. ELKINS herein) was hanging out at Mike's Liquor Store on Grand Avenue around 9:30 pm. He was contacted by Novato Police Dept. **Officer Cody Fenske** (Badge No. 443) (partnered at the time with **Officer Angel Macias** – Badge No. 420) because he allegedly matched the description of a suspect in armed robbery with injury that had taken place moments before a short distance away…
>
> **Officer Fenske** called for backup and **Officers Reza Pourfarhani** (Badge No. 352) and **Derrick Young** (Badge No. 460) arrived on scene to subdue and [SIC] Mr. ELKINS into custody. **Officers** then brought the robbery victim to the scene where they had detained Mr. ELKINS to see if the victim could identify Mr. ELKINS as his attacker. **Officer Macias** recites in the Incident Report that, "While on scene, (victim) positively identified (Mr. ELKINS) as the suspect. (The victim) stated that he was '100 percent' sure that (Mr. ELKINS) was the one that attempted to take his wallet and punched him in the face causing his eye to swell and bruise." It was later discovered that the victim had said nothing of the sort.

Dkt. No. 36 ¶¶13 and 14 (FAC) (emphasis added). The remainder of the FAC refers to "Officers" and "Defendant Officers." While both terms are capitalized neither is defined. For example, plaintiff alleges:

> Each time the victim said he wasn't sure if Complainant was the one who had attacked him **Officers** said "Are you sure? You need to be 100% sure." It became clear to the victim that the **Officers** were not going to let him get into the waiting ambulance unless he identified Mr. ELKINS as his attacker, so he did.
>
> …the **Officers** involved wrote police reports that contained incorrect, inaccurate and misleading information and that failed to include exculpatory evidence about LAMONT ELKINS.

*Id*. ¶¶ 24, 16 (emphasis added). Plaintiff's reference to "Officers" and "Defendant Officers" is made all the more confusing considering these references could include one of the 100 unnamed Doe Defendants.

Further, the Court agrees with the Novato Defendants that, critically, there "are no facts showing that any of the named defendant officers were involved in the victim's allegedly coerced identification of ELKINS or that they were otherwise responsible for the misidentification." Dkt. No. 37 at 18 (Motion to Dismiss FAC).

As such, the Court GRANTS the motion to dismiss with respect to the individual officer defendants for all causes of action, but does so with leave to amend for claims 1 and 3-6.

## II. Plaintiff's *Monell* Allegations Also Fail

Likewise, defendants' motion to dismiss plaintiff's *Monell* allegations is also GRANTED with leave to amend. Plaintiff alleges three bases for its *Monell* claim: (1) a City Pattern, Policy, or Custom; (2) Inadequate Training/Deliberate Indifference and (3) Ratification. With respect to plaintiff's *Monell* allegations regarding a City Pattern, Policy, or Custom, there are no allegations in the FAC showing a pattern, policy, or custom – rather, plaintiff points to his one incident as evidence of such. Dkt. No. 36 at ¶ 25 (FAC). This is not enough. *Compare with Perryman v. City of Pittsburg*, 545 F. Supp. 3d 796, 802 (N.D. Cal. 2021) (Pattern, Policy, or Custom established by allegations of multiple past instances and citations to other lawsuits.).

Plaintiff's allegations regarding inadequate training/deliberate indifference are even sparer, alleging "that at various times the actions of Defendants … constituted deliberately indifferent omissions through their failure to properly train the Defendant Officers and failure to have needed policies to prevent such Officer actions as wrongful arrest and intentionally misleading reports and witness statements." Dkt. No. 36 at ¶ 25 (FAC). This fails to meet the Supreme Court's dictate requiring a "stringent standard of fault [for deliberate indifference], requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997).

Finally, plaintiff's *Monell* ratification allegations also fail. The Ninth Circuit requires "a plaintiff to show that the 'authorized policymakers' approve a subordinate's decision and the basis for it. . . The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). The FAC does not allege any prior instances of alleged police misconduct nor does it allege how policymakers ratified police conduct. The FAC alleges "the NOVATO Police Department participated in promulgating the policies and practices that led to the misconduct of the individual officers and ratified the misconduct of the individual defendant officers." Dkt. No. 36 at ¶ 5 (FAC). These allegations are conclusory and lack factual support of ratification. The FAC does not state what action by the defendant constituted approval. Cf. *Lytle*, 382 F.3d at 987 ("A mere failure to overrule a subordinate's actions, without more, is

insufficient to support a § 1983 claim").

### III.  Other Causes of Action

The motion to dismiss is otherwise DENIED. While defendants argue Mr. Elkins' detention and arrest were supported by reasonable suspicion and probable cause respectively, the allegations in the FAC create issues of fact with respect to those arguments better decided on summary judgment.

### CONCLUSION[2]

The Court hereby GRANTS defendants' motion to dismiss claims 1 and 3-6 with leave to amend for the reasons stated above. An amended complaint must be filed on or before April 29, 2022.

**IT IS SO ORDERED**.

Dated: April 11, 2022

SUSAN ILLSTON
United States District Judge

---

[2] The motion to dismiss claim 2, for malicious prosecution is rendered moot, as plaintiff has "withdrawn" the cause of action. Dkt. No. 39 at 4 (Opposition) ("Plaintiff withdraws this cause of action as to all defendants.").