1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    LAMONT ELKINS,                              Case No. 21-cv-07377-SI

8                    Plaintiff,

9         v.                                     **ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANTS'
10   NOVATO POLICE DEPARTMENT, et al.,           MOTION TO DISMISS**

11                    Defendants.                Re: Dkt. No. 55

12

13          On May 13, 2022, defendants City of Novato and its Officers Angel Macias, Reza

14   Pourfarhani, and Derrick Young ("defendants")[1] filed a motion to dismiss plaintiff's second

15   amended complaint ("SAC"). Pursuant to Local Rule 7-1(b) the Court found this matter appropriate

16   for resolution without oral argument and therefore **VACATED** the July 15, 2022 hearing. For the

17   reasons stated below the motion is **GRANTED IN PART** and **DENIED IN PART**.

18

19                                       **BACKGROUND**

20          On January 14, 2022, plaintiff filed the First Amended Complaint ("FAC") alleging six

21   causes of action, namely: (1) 42 U.S.C. § 1983 (Unlawful Search & Seizure) (*Monell* liability), (2)

22   Malicious Prosecution[2], (3) False Arrest, (4) Intentional Infliction of Emotional Distress (IIED), (5)

23   Negligent Infliction of Emotional Distress (NIED), and (6) Violation of the California Civil Code

24

25          [1] A fifth defendant, Officer Cody Fenske, is not represented by counsel for the other
26   defendants and apparently has not been served. Therefore, "defendants" does not refer to Officer
     Fenske.

27          [2] While the original complaint and the FAC included a claim for malicious prosecution,
28   plaintiff made clear in subsequent briefing, and in briefing on the instant motion, that the claim is
     withdrawn. Dkt. No. 39 ¶ 3.

United States District Court
Northern District of California

§ 52.1 (California's Bane Act).  Dkt. No. 36 (FAC).  The Novato defendants moved to dismiss all of plaintiff's claims.  Dkt. No. 37 at 10 (Motion to Dismiss FAC ("MTD FAC")).

The Court found two main deficiencies with the FAC: (1) the FAC failed to allege the basis of plaintiff's claim against each individual defendant officer, and (2) plaintiff's *Monell* allegations had no factual basis.  The Court granted defendants' motion to dismiss with leave to amend.  Dkt No. 47 at 5 (Order Granting MTD FAC).  On April 29, 2020, plaintiff filed his Second Amended Complaint.  Dkt No. 49 (SAC).

A. **Plaintiff's Second Amended Complaint – Individual Defendants**

The SAC alleges plaintiff was arrested on August 16, 2020, because he matched the description of a suspect in an armed robbery and was detained near the incident's location.  SAC ¶ 13.  Officer Cody Fenske with Officer Angel Macias approached Mr. Elkins because he was a "black male on a bicycle" and the suspect's description in the Novato Police Department Incident Report ("Incident Report") was a "black male on a bicycle."  *Id*.  However, plaintiff alleges that neither Mr. Elkins' clothes nor his bicycle matched the victim's description of the suspect.  *Id*.  Officer Fenske called for backup and Sergeant Pourfarhani and Officer Young arrived at the scene.  *Id*. ¶ 14.  "Sergeant Pourfarhani, Officer Young, and Fenske placed Mr. ELKINS in handcuffs."  *Id*.  Officers Young and Macias "brought the robbery victim to the scene where they had detained Mr. Elkins to see if the victim could identify Mr. ELKINS as his attacker."  *Id*.

When Officers Young and Macias conducted the witness identification, they were approximately 25 feet away from Mr. Elkins, Sergeant Pourfarhani, and Officer Fenske.  *Id*.  The plaintiff alleges

> Officers Young and Macias coerced the victim into identifying [p]laintiff as the man who had assaulted the victim.  *Id*.  The victim, who had just been mugged, beaten up, [SIC] was suffering a head injury[,] and a brain bleed[,] stated several times and he wasn't sure whether or not Mr. ELKINS was the one who attacked him.

*Id*. ¶ 16.  "Each time the victim said to Officers Young and Macias he wasn't sure if Complainant was the one who had attacked him Officers Young and Macias said 'Are you sure?  You need to be 100% sure.'"  *Id*.

2

United States District Court
Northern District of California

Plaintiff alleges the victim was never 100% sure plaintiff attacked him. *Id.* "Officer Macias recites in the Incident Report that '[w]hile on scene, [the] (victim) positively identified (Mr. ELKINS) as the suspect. (The victim) stated that he was '100 percent' sure that (Mr. ELKINS) was the one that attempted to take his wallet and punched him in the face causing his eye to swell and bruise.'" *Id.* ¶ 14. The SAC states "it became clear to the victim that Officers Young and Macias were not going to let him get into the waiting ambulance unless he identified Mr. ELKINS as his attacker, so he did." *Id.* ¶ 16. The victim later retracted the identification of Mr. ELKINS. *Id.* "Officers Young, Macias, Fenske, and Sgt. Pourfarhani arrested Mr. ELKINS anyway and Officer Fenske wrote an inaccurate incident report which formed the basis of Mr. ELKINS incarceration and prosecution." *Id.* Plaintiff "was arrested, booked, charged[,] and incarcerated at the Marin County Jail for over two weeks." *Id.* ¶ 17. "As would be confirmed at a later date, at the exact time the armed robbery occurred[,] Mr. ELKINS was on his cell phone 'face timing' with someone and his phone was connected to Wi-Fi at a different location than that of the armed robbery . . . ." *Id.* ¶ 18. Plaintiff alleges there "was irrefutable proof that Mr. ELKINS was innocent" but nobody "checked the phone for two weeks after Mr. ELKINS was arrested." *Id.*

Plaintiff claims "Officers Young, Macias, Fenske[,] and Sgt. Pourfarhani failed to conduct even a cursory investigation into the facts, a failure of policies and procedures demonstrating an obvious disregard for Mr. ELKINS['] Constitutional rights." *Id.* Additionally, the Officers had no arrest warrant for plaintiff. *Id.* ¶ 20. Plaintiff alleges that while incarcerated he was denied access to the prescribed medication and medical care needed for his heart condition. *Id.* The SAC alleges plaintiff's arrest was "based on an inaccurate description and a manipulated identification." *Id.* ¶ 19. The "criminal case against [p]laintiff giving rise to this action was eventually dismissed and resolved in [p]laintiff's favor after he was determined to be factually innocent by Judge Geoffrey M. Howard of the Marin County Superior Court on November 19, 2020." *Id.* ¶ 18.

## B.  SAC*'s Monell* Allegations

The SAC alleges "the Novato Police Department, and all its employees and sworn officers, were negligent in the hiring, training, selection, retention, and disciplining of the officers involved

in the subject incident, as well as the officers who trained the involved officers throughout their careers, from the academy to the date in question." *Id.* ¶ 21.  The SAC states "the unconstitutional actions and/or omissions of Defendants Officer Cody Fenske, Officer Angel Macias, Sergeant Pourfarhani, and Officer Derrick Young, on information and belief, were pursuant to the following customs, policies, practices and/or procedures of the NOVATO Police Department as follows:

   a. To use, tolerate, or instruct the use of coercive witness identifications;

   b. To engage in or tolerate unreasonable seizures and restraints;

   c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning stops, wrongful arrests, and the use of force;

   d. To hide or cover up violations of constitutional rights by any of the following:

      i. By ignoring and/or failing to properly investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

      ii. By allowing, tolerating, and/or encouraging law enforcement officers to fail to file complete and accurate reports; file false reports; make false statements; collude in report writing, and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information.

   e. To allow, tolerate, and/or encourage a 'code of silence' among law enforcement officers and Police Department personnel, whereby an officer or member of the Police Department does not provide adverse information against a fellow officer or member of the department; and

   f. Defendant NOVATO Police Department failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officer Cody Fenske, Officer Angel Macias, Sargent Reza Pourfarhani, and Officer Derrick Young, with deliberate indifference to Mr. ELKINS' constitutional rights."

*Id.*  With regards to Sgt. Pourfarhani, the SAC alleges *Monell* liability arises from his supervising role to the three subordinate defendant officers (Officer Young, Officer Macias, and Officer Fenske) during the incident.  *Id.*  As the supervising officer, the SAC claims he was implementing the customs, practices, and policies of the Novato Police Department during the incident and therefore was ratifying the actions of his subordinate officers.  *Id.*

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. Cty of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). The Ninth Circuit has repeatedly held "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.     Plaintiff's *Monell* Allegations Against The Novato Police Department Fail

The SAC's *Monell* allegations are nearly identical to the allegations found in the FAC which

were dismissed.  Dkt. No. 47 at 8 (Order Granting MTD FAC).  A plaintiff may establish municipal liability under § 1983 against a public entity by demonstrating: (1) the constitutional violation was the result of a government policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policymaking authority; or (3) an official with final policymaking authority ratified the unconstitutional act.  *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  The plaintiff alleges three bases for its *Monell* claim.

*City Pattern, Policy Or Custom:*  The SAC contains no factual basis for plaintiff's *Monell* allegations of a city pattern, policy or custom.  To adequately plead municipal liability, allegations must establish a policy or custom depriving plaintiff of a constitutional right.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Defendants argue the SAC makes conclusory allegations, without any factual support, of a city pattern, policy, or custom.  The Court agrees.  Plaintiff's allegations are conclusory because plaintiff's own incident, solely, is an insufficient factual basis to establish a pattern, policy or custom.  Dkt. No. 47 at 7 (Order Granting MTD FAC).

*Inadequate Training/Deliberate Indifference:*  The SAC's Monell claim based on inadequate training and deliberate indifference suffers from the same fatal flaw as the FAC – it fails to meet the Supreme Court's pleading standard.  Dkt. No. 47 (Order Granting MTD FAC).  Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  Dkt. No. 47 at 6 (Order Granting MTD FAC) (quoting *Board of County Comr's of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997)).  The SAC alleges

> at various times the actions of defendants…constituted deliberately indifferent omissions through their failure to properly train the Defendant Officers and failure to have needed policies to prevent such Officer actions as wrongful arrest and intentionally misleading reports and witness statements.

SAC at ¶ 25.  These are the same allegations rejected in the FAC as conclusory.  FAC at ¶ 25.  Thus, the SAC fails to state a *Monell* claim under inadequate training/deliberate indifference.

*Ratification Theory:*  Plaintiff's *Monell* claims for ratification also fail.  As the Court noted, to state a claim under a ratification theory, a plaintiff must show the authorized policymaker had

United States District Court
Northern District of California

6

1    knowledge of the constitutional violation and approved the subordinate's decision.  Dkt. No. 47 at
2    6 (Order Granting MTD FAC).

3        Defendants argue the SAC states "no facts showing the CITY's authorized policymakers
4    knew of unconstitutional conduct by any CITY officer, before the alleged violations were
5    completed, and approved it."  Dkt. No. 50 at 18 (MTD SAC).  Furthermore, defendants argue the
6    SAC "attempts to plead a ratification against the CITY by concluding that POURFARHANI, acting
7    in his capacity as a supervising sergeant, 'ratif[ied] the actions of his subordinate officers . . . [to]
8    meet the *Monell* standard of adoption and ratification of unconstitutional actions and/or omissions
9    of the individual police officers.'"  *Id*.  The SAC also alleges "the NOVATO Police Department
10   participated in promulgating the policies and practices that led to the misconduct of the individual
11   officers and ratified the misconduct of the individual defendant officers."  SAC at ¶ 5.

12       The SAC does not state what actions Sergeant Pourfarhani took to ratify or approve a
13   constitutional violation.  *Cf. Lytle*, 382 F.3d at 987 ("A mere failure to overrule a subordinate's
14   actions, without more, is insufficient to support a § 1983 claim.").  Municipal liability under § 1983
15   attaches only where "a deliberate choice to follow a course of action is made from among various
16   alternatives by the official or officials responsible for establishing final policy with respect to the
17   subject matter in question."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1986).  By the SAC's
18   own allegations, Sergeant Pourfarhani was standing 25 feet away from Officers Macias and Young
19   when they conducted the witness identification.  SAC at ¶ 14.  There are no allegations indicating
20   Sergeant Pourfarhani knew of – let alone ordered or condoned – the alleged coerced identification.

21       The defendants' motion to dismiss Mr. Elkins' *Monell* allegations against the Novato Police
22   Department and city is **GRANTED**.

23
24   **II.   Defendants' Motion to Dismiss Is Granted for Claims 1 and 3-6 Against defendant
     Sergeant Pourfarhani**

25       <u>Claim 1 - §1983 Unlawful Search and Seizure</u>.  Claim 1 under §1983 for Unlawful Search
26   and Seizure against Sergeant Pourfarhani fails.  To establish a proper §1983 claim, plaintiff must
27   show (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct
28   deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of

United States District Court
Northern District of California

7

1    the United States.  42 U.S.C. § 1983.  An officer cannot be held liable because of his membership

2    in a group without showing of individual participation in the unlawful conduct.  *Chuman v. Wright*,

3    76 F.3d 292, 293-294 (9th Cir. 1996).

4         § 1983 liability requires individual participation in the unlawful action (*Chuman*, 76 F.3d at

5    293-29  Because there are no facts alleging Sergeant Pourfarhani participated in the alleged coercive

6    witness identification, the SAC fails to state a claim against him under §1983.  The SAC alleges

7    Sergeant Pourfarhani was standing 25 feet away from Officer Young and Macias when they

8    conducted the alleged coercive witness identification.  MTD SAC at 8.  Sergeant Pourfarhani cannot

9    be held liable solely because of his membership in a group; the SAC does not allege Sergeant

10   Pourfarhani had any individual participation in the alleged unlawful conduct or that he had

11   knowledge of the communication between the victim and the other officers.  *Chuman,* 76 F.3d at

12   293-294.  Likewise, supervisory liability under §1983 does not apply.  *See Pembaur v. City of*

13   *Cincinnati*, 475 U.S. 469, 479 (1986).  Thus, pursuant to FRCP 12(b)(6), the SAC fails to state a

14   claim under § 1983 against Sergeant Pourfarhani.  Accordingly, claim 1 (Unlawful Search and

15   Seizure) against Sergeant Pourfarhani fails.

16        **Claim 3 for False Arrest and False Imprisonment.**  Claim 3, for False Arrest and False

17   Imprisonment against Sergeant Pourfarhani also fails.  As stated above, the SAC alleges no facts

18   Sergeant Pourfarhani knew or participated in the allegedly coercive victim identification.  Therefore,

19   the SAC fails to state the factual basis for claim 3 against Sergeant Pourfarhani.

20        **Claims 4 (IIED) and 5 (NIED)**.  Plaintiff also fails to provide a factual basis for claim 4

21   (IIED)[3] and claim 5 (NIED)[4] against Sergeant Pourfarhani.  The SAC includes only conclusory

22   allegations when it states "[t]he conduct of the Defendants Officer Cody Fenske, Officer Angel

23

24        [3] "A prima facie case for intentional infliction of emotional distress requires outrageous
     conduct by the defendant, intention to cause or reckless disregard for the probability of causing
25   emotional distress, severe emotional suffering and actual and proximate causation of the emotional
     distress." *Agarwal v. Johnson*, 25 Cal. 3d 932, 934 (1979).
26

27        [4] A cause of action for negligence requires the defendant to owe a duty to plaintiff to use due
     care, and a breach of that duty which proximately causes injury. *Lopez v. City of Los Angeles*, 126
28   Cal. Rptr. 3d 706, 714 (2011).

United States District Court
Northern District of California

1   Macias, Sargent Reza Pourfarhani, and Officer Derrick Young, and each of them was intentional,

2   outrageous, malicious, and done with ill will and with the intent to cause Mr. ELKINS to suffer

3   humiliating mental anguish, as well as emotional and physical distress."  SAC ¶ 55.  As discussed

4   above, Sergeant Pourfarhani cannot be liable for the actions of his subordinates (Officer Macias and

5   Young).  *See* Cal. Gov't Code § 820.8.

6       **Claim 6 – Bane Act**.  Claim 6 under California Civil Code § 52.1 (California's Bane Act)[5]

7   against Sergeant Pourfarhani is likewise unsupported.  The SAC does not allege Sergeant

8   Pourfarhani acted with the specific intent to violate plaintiff's constitutional right.  Thus, the SAC

9   fails to state the factual basis for claim 6 against Sergeant Pourfarhani.

10      Accordingly, the defendants' motion to dismiss claims 1 and 3-6 against Sergeant

11  Pourfarhani is **GRANTED**.

12

13  **III.    Defendants' Motion to Dismiss Is Denied for Claims 1 and 3-6 Against Officers Macias And Young.**

14      The SAC adequately alleges claims 1 and 3-6 against Officers Macias and Young.

15      **Claim 1 - §1983 Illegal Search and Seizure**.  As stated above, to adequately allege a §1983

16  illegal search and seizure claim, plaintiff must allege individual participation in the alleged

17  constitutional violation.  *See Chuman*, 76 F.3d at 293-294.  While defendants argue the SAC's

18  allegations mirror those of the FAC and should therefore be dismissed, the Court disagrees.  MTD

19  SAC at 6.  The SAC clarifies the factual allegations against Officer Macias and Young – identifying

20  these two specific officers as the ones who conducted the allegedly coercive witness identification.

21      § 1983 imposes liability only on the person who causes or subjects another person to a

22  constitutional violation. 42 U.S.C. § 1983.  The SAC states "Young and Macias coerced the victim

23  into identifying [p]laintiff as the man who had assaulted the victim."  SAC ¶ 15.  The SAC

24  specifically alleges "Officer Macias and Officer Young brought the robbery victim" to identify

25  plaintiff after the victim had suffered an attempted robbery and had been punched in the face.  *Id.*

26

27      [5] "The elements of a Bane Act claim are essentially identical to the elements of a § 1983

28  claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right."  *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022).

at ¶ 14.  The two officers conducted the witness identification when the victim had just been mugged, beaten up, was suffering from a head injury, and a brain bleed shows the officers should have known of the risk of a misidentification.  *Id.* at ¶ 16.  Furthermore, the victim stated multiple times he was not 100% sure whether plaintiff was the suspect who attacked him.  *Id.*  The Court finds plaintiff has adequately alleged claim 1 against Officers Macias and Young.

**Claim 3 for False Arrest and False Imprisonment**.  The SAC adequately alleges claim 3 for False Arrest and False Imprisonment against Officer Macias and Young.  The SAC alleges Officers Macias and Young conducted the allegedly coercive witness identification which was the basis for plaintiff's arrest.  As such, claim 3 is adequately pled.

**Claim 4 (IIED) and Claim 5 (NIED)**.  Claim 4 and 5 against Officer Macias and Young are likewise adequately plead.  Plaintiff alleges as a result of Officer Macias and Young's actions he suffered "humiliation, mental anguish, and emotional and physical distress, including but not limited to, sleeplessness anxiety, nightmares and ruminating on the events."  SAC ¶ 56. Furthermore, plaintiff alleges he suffered "physical injuries, fright, shock, pain, suffering, and/or extreme mental anguish."  *Id.* ¶ 57.  The Court finds claim 4 and claim 5 against Officer Macias and Young are adequately pled.

**Claim 6 – Bane Act.**  Claim 6 under California Civil Code § 52.1 (California's Bane Act) against Officer Macias and Young is adequately plead.  As stated above, the claim is identical to one under § 1983, but with the added requirement of specific intent.  *Hughes*, 31 F.4th at 1224. Therefore, claim 6 is adequately pled against Officer Macias and Young.

## IV.    Defendants' Motion to Strike Is Denied

Defendants also move to strike multiple allegations in the SAC[6] including (1) plaintiff's allegation of factual innocence, and (2) the allegations the Officers wrote inaccurate and misleading information.  MTD SAC at 2-3.  Federal Rule of Civil Procedure ("Rule") 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[6] Defendants move to strike the following allegations: lines 7-9 of SAC page 2; lines 2-5 of SAC ¶ 23 at page 7; lines 3-6 of SAC ¶18 at page 6; and lines 6-9 of SAC ¶ 24 at page 7.

United States District Court
Northern District of California

1    scandalous matter."  A matter is "immaterial" if it "has no essential or important relationship to the

2    claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th

3    Cir. 1993).   The Ninth Circuit states "the function of a 12(f) motion to strike is to avoid the

4    expenditure of time and money that must arise from litigating spurious issues by dispensing with

5    those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

6    "[M]otions to strike should not be granted unless it is clear that matter to be stricken could have no

7    possible bearing on subject matter of litigation."  *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp.

8    1335, 1339 (N.D. Cal. 1991).

9        **Allegations re Factual Innocence**.   Defendants move to strike allegations "Mr. ELKINS

10   was factually innocent" arguing they are "inadmissible for any purpose in this action and have no

11   bearing on Mr. ELKINS' claims. . . ."  MTD SAC at 24.  Defendants argue this Court should strike

12   the finding of factual innocence pursuant to California Penal Code section 851.8(i)(1) which states

13   "[a]ny finding that an arrestee is factually innocent … shall not be admissible as evidence in any

14   action."  MTD SAC at 23-24.

15       Plaintiff's allegations of innocence are relevant.  The basis of this lawsuit is a wrongful arrest

16   and imprisonment based on a coercive witness identification.   This Court need not determine

17   whether plaintiff is factually innocent of the charges brought against him to resolve the pending

18   motion to strike.   Additionally, defendants' reliance on California Penal Code § 851.8(i)(1) is

19   misplaced.  Here, plaintiff's allegations of factual innocence are being used narratively within a

20   complaint – not offered as evidence on summary judgment or at trial.  *Kerner v. Superior Ct.,* 141

21   Cal. Rptr. 3d 504, 534 (2012) (Courts construe CA Penal Code § 851.8(i)(1) to render evidence of

22   factual innocence inadmissible at *trial*.).   Defendants' motion to strike plaintiff's allegations of

23   factual innocence is denied.

24       **Allegations re Officers Writing Inaccurate/Misleading Reports**.   Defendants move to

25   strike "allegations that after the incident the officers wrote or participated in authoring police reports

26   that contained incorrect, inaccurate and misleading information," contending that such allegations

27   are "likewise is immaterial, impertinent and scandalous, as it has no bearing on any issue in this

28   case."  MTD SAC at 23-24.  The Court disagrees.  A motion to strike "should only be granted if the

United States District Court
Northern District of California

1    'matter has no logical connection to the controversy at issue and may prejudice one or more of the

2    parties to the suit.'" *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D.

3    Cal. 2009) (quoting *Rivers v. County of Marin*, 2006 WL 581096, at *2 (N.D. Cal. 2006)).  These

4    allegations support the inference Officer Macias and Young intended to manipulate and fabricate

5    facts to justify an unlawful arrest and imprisonment based on a coercive witness identification.

6    Therefore, there is a logical connection between these allegations and the controversy at issue (an

7    unlawful arrest and imprisonment).  Defendants' motion to strike is therefore **DENIED**.

8

9                                          **CONCLUSION**

10           For the reasons stated above, the Court:

11           **GRANTS** defendants' motion to dismiss the *Monell* claims against the Novato Police

12   Department.  The Court does so WITH prejudice finding further amendment would be futile where

13   plaintiff has had multiple opportunities to cure the pleading defects and has not done so;

14            **GRANTS** defendants' motion to dismiss with respect to and claims 1 and 3-6 against

15   Sergeant Pourfarhani WITH prejudice;

16           **DENIES** defendants' motion to dismiss claims 1 and 3-6 against Officers Young and

17   Macias; and,

18           **DENIES** the defendants' motion to strike parts of plaintiff's SAC.

19           The Court **DENIES** plaintiff's request for leave to file a third amended complaint.  *See*

20   *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("The fact [plaintiff]

21   failed to correct these deficiencies in its Second Amended Complaint is a strong indication that the

22   plaintiffs have no additional facts to plead." (internal quotation marks omitted)).

23

24           **IT IS SO ORDERED**.

25   Dated: August 4, 2022

26

27                                                        _____

28                                                        SUSAN ILLSTON
                                                          United States District Judge

*United States District Court*
*Northern District of California*